**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Gary Debenedetto, | Case No. 24-cv-636 (JRT/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Mr. Ford, et al. | |
| Defendants. | |

Plaintiff Gary Debenedetto, a civil detainee of the federal government, did not pay the filing fee for this matter, instead applying for *in forma pauperis* (IFP) status. *See* Dkt. No. 3. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Debenedetto qualifies financially for IFP status. That said, an IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro

se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Debenedetto's pleading is extraordinarily difficult to read. As best this Court can tell, Mr. Debenedetto alleges that he was punished for asking an employee of the facility where he is currently detained to marry him—a punishment that Debenedetto characterizes as retaliation for having exercised his First Amendment rights. *See* Complaint at 1-2 [Dkt. No. 1]. Debenedetto also suggests that his due process rights were violated during the disciplinary proceedings. *See id.* at 3-4. The pleading invokes 42 U.S.C. § 1983, 18 U.S.C. § 841, *Bivens*,[1] and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(2), as potential bases for relief. *See generally id.*

The first two statutes are plainly inappropriate. Section 1983 permits litigants to seek relief for violations of constitutional rights by *state* actors. *See Youngblood v. Hy-Vee Food Stores*, 266 F.3d 851, 855 (8th Cir. 2001). Debenedetto has named *federal* actors (and the federal government), not state actors, as defendants to this action, and therefore relief under § 1983 is unavailable to Debenedetto on his claims against those defendants. Section 841 is even wider of the mark—it is a criminal statute that defines certain terms related to laws prohibiting the importing, manufacturing, or dealing in explosive materials without a license. That statute has absolutely no plausible application to the allegations raised by Debenedetto.[2]

*Bivens* comes closer, acting as the analogue to § 1983 for claims of constitutional violations raised against federal officials. But the remedy made available by *Bivens* does

---

[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).
[2] This Court suspects that Debenedetto intended to invoke 18 U.S.C. § 241, which criminalizes conspiracy to violate the constitutional rights of another person, but he would do little better under this statute, as § 241 does not provide a private right of action. *See United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998).

2

not extend to claims of alleged retaliation in violation of a litigant's First Amendment rights. *See Egbert v. Boule*, 596 U.S. 482, 498 (2022). The same may be said of due-process claims arising out of the detention disciplinary context. *See, e.g.*, *Fiorito v. Anderson*, No. 23-CV-1125, 2023 WL 5155141, at *2 (D. Minn. Aug. 10, 2023). And even if the scope of the remedy were not fatal to Debenedetto's *Bivens* claims, there is another problem: A litigant seeking relief for violations of constitutional rights under *Bivens* must establish that the defendant himself or herself violated the law. *See, e.g.*, *Jomo v. Kallis*, No. 21-CV-2266, 2022 WL 5119127, at *2 (D. Minn. Apr. 25, 2022). Debenedetto's pleading does not adequately allege which of the named defendants is responsible for the alleged violations of his constitutional rights, and therefore none of the defendants could be held liable under *Bivens*, even if a remedy were available to Debenedetto for his claims.

This leaves the FTCA, which permits litigants to bring state-law tort claims against the federal government where federal employees are alleged to have violated state law. Claims of constitutional violations are not cognizable under the FTCA, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994), but Debenedetto does invoke the state-law causes of action of intentional and negligent infliction of emotional distress in addition to his federal-law constitutional claims, and the FTCA can be invoked to seek relief on the state-law emotional distress claims. But to state a claim for relief under the FTCA, Debenedetto must plausibly allege that state law has been violated, and this he has not done.[3]

---

[3] The FTCA also requires that claims first be presented to the government for administrative review and that administrative-review process exhausted, a process that federal contemplates may take as much as six months to complete (dated from the time that the claim is first presented). *See* 28 U.S.C. § 2675(a). The incident at issue in this litigation appears to have occurred in January 2024, *see* Compl. at 3, recently enough that it is difficult to believe that Debenedetto has exhausted administrative remedies.

Minnesota law requires that a litigant alleging negligent infliction of emotional distress prove that he "had an objectively reasonable fear for [his] own safety." *Engler v. Ill. Farmers Ins. Co.*, 706 N.W.2d 764, 770 (Minn. 2005).  No such allegation is included in the complaint.  A claim of intentional infliction of emotional distress under Minnesota state law applies only "when conduct is so 'extreme and outrageous, so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community.'" *Larson v. Minn. Dep't of Hum. Servs.*, No. A17-1887, 2018 WL 2293532, at *5 (Minn. Ct. App. May 21, 2018) (quoting *Stead-Bowers v. Langley*, 636 N.W.2d 334, 342 (Minn. Ct. App. 2001)).  Even accepting each of the allegations in the complaint as true, Debenedetto has not plausibly alleged that any federal official engaged in the kind of "extreme and outrageous" conduct needed to impose liability for intentional infliction of emotional distress under Minnesota law.  *Id*.

Accordingly, this Court concludes that Debenedetto has failed to plead a viable claim for relief.  It is therefore recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B).

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application of plaintiff Gary Debenedetto [Dkt. No. 3] be DENIED.


Dated: March 27, 2024                     \_\_\_\_s/David T. Schultz_____
                                          DAVID T. SCHULTZ
                                          U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).